**DORAN, Prohibition Com'r, et al. v. CUBA CORONA CHEMICAL CO.**

No. 4424.

Circuit Court of Appeals, Third Circuit.

Feb. 21, 1931.

Paul Freeman, Acting U. S. Atty., and R. H. Woolsey, both of Philadelphia, Pa., for appellants.

P. J. Friel, of Philadelphia, Pa., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMPSON, District Judge.

THOMPSON, Circuit Judge (sworn in as Circuit Judge February 3, 1931).

This is an appeal from a decree of the District Court upon review under sections 5 and 9 of title 2 of the National Prohibition Act (27 USCA §§ 14, 21). The decree reversed the action of the prohibition authorities in revoking a permit held by the appellee authorizing the withdrawal of specially denatured alcohol in the manufacture of tobacco casing fluid under a formula approved by the Prohibition Bureau.

The citation charged the permittee with unlawful diversion of specially denatured alcohol, with falsifying records as to the receipt and disposition of the same, with unlawfully manufacturing tobacco casing fluid not made in accordance with the formula approved by the Prohibition Bureau, with unlawfully selling, using, and dispensing specially denatured alcohol contrary to the pro-

222

visions of the National Prohibition Act, and with sale under circumstances from which it might reasonably be deduced that the intention of the purchaser was to use the product for beverage purposes.

The hearer, before whom the testimony was produced, found as a fact that the permittee did unlawfully manufacture tobacco casing fluid not made in accordance with the approved formula and from which potable alcohol could be, obtained by simple distillation. He also found as a fact that the permittee did not do any of the other unlawful acts charged.

These findings narrowed the controversy to the single question, whether the evidence was sufficient to sustain the fact finding on which the permit was revoked that the product had not been made in conformity with the formula. The testimony of the prohibition agents sustains the statement of the District Judge that "the proportion of introduced ingredient to the volume of the manufactured product was 4 per cent." The testimony showed that the prohibition agents took a sample of the mixed product and delivered it to the government chemist. But the government chemist testified that upon analysis the proportion of introduced ingredients to the volume of manufactured product was 11 per cent. The trial judge states: " * * * Upon analysis made the sample analyzed was found to contain no trace of any of the things which had been put into it in the presence of representatives of the permit authorities but a wholly different thing altogether." That statement of fact is sustained by the testimony.

In order to find the fact of unlawful manufacture by the permittee, the prohibition authorities must base their conclusion that the law has been violated upon facts deduced from the evidence. They undertook to do so through the testimony of their agents, who saw the mixture being made and took a sample thereof, and an analysis thereof by their chemist. In order to show the unlawful contents of that sample, the Prohibition Bureau produced a sample of some liquid, as to which the chemist to whom it was submitted testified to the result of a quantitative and qualitative analysis indicating quantity and quality of foreign substance entirely different from the sample which the agents testified they had taken.

It is clear that there was not sufficient evidence to support the order revoking the permit.

The decree is therefore affirmed.